**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID T. BUCKINGHAM; ELIZABETH S.
BUCKINGHAM; CAROLYN M.
BUCKINGHAM; BRIANNA L.
BUCKINGHAM, a minor by Carolyn
M. Buckingham and J. Daniel
Buckingham, Jr., guardians;
WILLIAM D. BUCKINGHAM, a minor
by Carolyn M. Buckingham and J.
Daniel Buckingham, Jr., guardians;
MARY C. BUCKINGHAM, a minor by
Carolyn M. Buckingham and J.
Daniel Buckingham, Jr., guardians,
        *Plaintiffs-Appellants,*

        v.

CAROLE S. GAILOR; KIMBERLY A.
WALLIS; GAILOR & ASSOCIATES,
PLLC; CYNTHIA BAILEY
BUCKINGHAM,
        *Defendants-Appellees.*

No. 01-1590

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CA-00-1568-CCB)

Submitted: September 25, 2001

Decided: October 17, 2001

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert J. Bittman, Peter J. Carney, WHITE & CASE, L.L.P., Washington, D.C., for Appellants. Robert P. Trout, Amy Berman Jackson, TROUT & RICHARDS, P.L.L.C., Washington, D.C., for Appellee Buckingham; Plato Cacheris, John F. Hundley, LAW OFFICES OF PLATO CACHERIS, Washington, D.C., for Appellees Gailor, Wallis, and Gailor & Associates.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants challenge the district court's order granting summary judgment to Appellees in this action under the Federal Wiretap Act provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. §§ 2510-2522 (West 2000) (the Act). David Buckingham (David) and several of his relatives contend that David's ex-wife, Cynthia Bailey Buckingham (Cynthia), and attorneys who represented her in her divorce and custody proceedings have violated the Act. The district court concluded that as Cynthia was a party to the conversations in question, she was not liable under the Act unless she made the interceptions for the purpose of committing a criminal or tortious act. 18 U.S.C. § 2511(2)(d). The court concluded that there was no genuine issue of fact as to whether Cynthia did act with such a purpose.

On appeal, the Appellants raise three issues: (1) a genuine issue of material fact existed as to whether Cynthia acted with the purpose of committing such a criminal or tortious act; (2) a genuine issue of

material fact existed as to whether Cynthia was a party to two of the conversations; and (3) the district court erred in denying Appellants the opportunity to conduct discovery in order to oppose the summary judgment motion. Having fully reviewed the record, we affirm the grant of summary judgment on the reasoning of the district court. *Buckingham v. Gailor*, No. CA-00-1568-CCB (D. Md. filed Mar. 27, 2001, entered Mar. 28, 2001). In addition, we hold that the district court did not abuse its discretion in denying the Appellants' motion for a continuance and the opportunity to conduct discovery under Fed. R. Civ. P. 56(f). *See Nguyen v. C.N.A. Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).

We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*